IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN E. JORDAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4176-G-BN |
| | § | |
| ATI CAREER TRAINING CENTER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiff's case be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Background**

On October 16, 2013, Plaintiff, proceeding *pro se*, filed a form civil rights complaint claiming that he was "improperly terminated from school" by defendant ATI Career Training Center. *See* Dkt. No. 3 at 4. Plaintiff also sought leave to proceed *in forma pauperis. See* Dkt. No. 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. The Court then sent written interrogatories to Plaintiff in order

to obtain additional information about the factual basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on December 13, 2013. *See* Dkt. No. 10.

In his complaint, Plaintiff states:

> I was improperly terminated from school by the ATI Career Center's corporate office. The executive management told the Dean of Admissions, Register, and Professor Arther (who tool over from Professor E. Vance) that my grade point average was not what was needed to stay in school; on academic probation. I know that you must (at least) maintain a C (1.7 average) to receive your Pell grant. When my final grades were given to me, I was told that I had a 2.5. Due to Professor Arther having to take the percentage off the grades were later they terminated me from school.

Dkt. No. 3 at 4. By this lawsuit, he seeks $2.5 million in compensatory and punitive damages from the ATI Career Training Center and its Chief Executive Officer, Chief Financial Officer, and Executive Director of Admissions. *See* Dkt. No. 10 at Questions 2-3.

The undersigned now concludes that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Initially, Plaintiff cannot sue the ATI Career Training Center or its employees under 42 U.S.C. § 1983. It is well-settled that Section 1983 affords redress only for conduct committed by a person or entity acting under color of state law – it does not

ordinarily involve conduct of a private citizen or corporation. *See Thibodeaux v. Bordelon,* 740 F.2d 329, 332-33 (5th Cir. 1984). Plaintiff's complaint and interrogatory responses establish that these defendants did not act under color of state law. Instead, Plaintiff wishes to hold them liable under Section 1983 because he "was given a loan from the government that [he is] to pay upon removal from school." Dkt. No. 10 at Question 6. "Our courts have decided cases involving varying degrees of governmental involvement in universities ranging from federal and state grants, student loan guarantees, tax exemptions, licensing of university owned television and radio stations, etc. Quite consistently, courts have not found state action on those bases." *Allen v. Tulane Univ.*, No. 92-4070, 1993 WL 459949, at *2 (E.D. La. Nov. 2, 1993) (citing cases); *see also Blouin v. Loyola Univ.*, 506 F.2d 20, 22 (5th Cir. 1975) (declining to find "state action" by a private university where "the record does not disclose any 'nexus' between the alleged unconstitutional activity and the purported federal and state government involvement").

To the extent that Plaintiff seeks to raise a claim apart from 42 U.S.C. § 1983, the Court is without jurisdiction to consider it. A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke a federal court's jurisdiction must prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th

Cir. 1995).

Here, neither basis for jurisdiction is satisfied. Plaintiff does not raise any allegations under federal statute or the United States Constitution apart from his Section 1983 claim. *See* Dkt. No. 10 at Question 6. And, because Plaintiff and all Defendants apparently are Texas citizens, according to Plaintiff's allegations, he does not meet that threshold requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); Dkt. No. 10 at Question 3.

Accordingly, he has failed to state a claim on which relief may be granted or, alternatively, over which this Court has jurisdiction.

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 17, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE